**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 8409
Jsc@cogburnlaw.com
DAVID J. WEDEMEYER, ESQ.
Nevada Bar No. 11318
Djw@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BENITA JONES EBEL, an individual, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br>**(Class Action)** |

### COMPLAINT

Benita Jones Ebel ("Plaintiff/Class Representative"), by and through her counsel of record, Cogburn Law Offices, hereby complains against Nevada Association Services, Inc. ("Defendant") as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

///

///

///

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. Plaintiff is a natural person residing in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Nevada Association Services, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692a(5).

7. Class Representative, Benita Jones Ebel, is a resident of Clark County, Nevada.

## IV. CLASS ACTION ALLEGATIONS

8. Class Representative brings this Class Action against Defendant, on behalf of herself and all other individuals who received dunning letters from Defendant regarding an alleged debt owed resulting from unpaid homeowners association assessments.

9. Defendant's debt collection methods as set forth herein have been and are continuing.

10. As the Class Representative, Plaintiff, on behalf of herself and the class, seeks to represent, equitable and legal remedies including monetary and nonmonetary remedies necessary to redress Defendant's violations of the FDCPA.

11. The Class is so numerous that joinder of all members is impracticable as the scope of Defendant's debt collection activities reach is so geographical extensive.

12. The questions of law and fact are common to the class as the class action is based on FDCPA violations for individuals that received Defendant's collection letters as set forth herein.

13. The claims of the Class Representative claims are identical to those of Class.

14. The Class Representative will fairly and adequately protect the interests of the Class.

### IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   A. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse the consumer. § 1692d;

   B. The threat to take any action that cannot legally be taken or that is not intended to be taken. § 1692e(5);

   C. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f;

   D. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest or there is no present intention to take possession of the property. § 1692f(6)(A)-(B); and

   E. Conducting collection activities and sending communications during the thirty (30) day period that overshadow and are inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. § 1692g(b).

8. Defendant's aforementioned violations of the FDCPA are based upon the following:

   A. Defendant sent Plaintiff a dunning letter[1] dated December 17, 2010 ("Initial Communication") regarding an alleged debt owed Rancho Viejo, Plaintiff's homeowners association, for unpaid homeowners association assessments.

   B. Although the Initial Communication sets forth language regarding the thirty (30) day period, as required by 15 U.S.C. § 1692g, Defendant threatened to record a notice of delinquent assessment lien, if the balance of the alleged debt was not paid in full within ten (10) days from the date of the Initial Communication.

---

[1] Defendant has sent Plaintiff multiple letters attempting to collect the alleged debt.

  C. As a result of Defendant's threat to record a notice of delinquent assessment lien, Defendant threatened to take nonjudical action to effect, *inter alia*, disablement of Plaintiff's property without the present right to do so.

  D. The Initial Communication sets forth language overshadows and/or is inconsistent with 15 U.S.C. § 1692g, *et seq.* notice requirements.

  E. Defendant's communications with Plaintiff lack any legitimate purpose, but rather serve on to harass, oppress, or abuse consumer.

  F. Defendant's Initial Communication and the language overshadowing and/or contradicting Plaintiff's FDCPA rights set forth therein is an unfair or unconscionable means to collect an alleged debt from Plaintiff.

9. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

10. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

13. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

14. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

## COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

17. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

18. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney's fees; and,
6. For such other and further relief as may be just and proper.

////
////
////
////
////
////
////
///

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. §1982(a)(c)(1), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demand a trial by jury.

DATED this 13th day of June, 2011.

COGBURN LAW OFFICES

By: /s/ Jamie S. Cogburn
Jamie S. Cogburn, Esq.
Nevada State Bar No. 8409
David J. Wedemeyer, Esq.
Nevada State Bar No. 11318
9555 S. Eastern Suite 280
Las Vegas, Nevada 89123
Attorneys for Plaintiff