# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BENITA JONES EBEL, an individual, on behalf of itself and all other similarly situated,

Plaintiff,

vs.

NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation,

Defendant.

Case No. : 2:11-cv-00963-KJD-RJJ

**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

On June 13, 2011, Plaintiff, Benita Ebel Jones filed a class action complaint (hereinafter referred to as the "Lawsuit") against Nevada Association Services, Inc. (NAS), asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"). According to Plaintiff, NAS violated the FDCPA by overshadowing her FDCPA validation rights in its initial collection notice.

In an attempt to settle the Lawsuit, mediation was held on October 30, 2012, before the Hon. Robert Johnston.  As a result of the mediation, a settlement in principle was reached, with the settlement terms confirmed and accepted on October 30, 2012. The parties subsequently entered into a Class Action Settlement Agreement ("Agreement") and, on November 20, 2012, filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement.  The Agreement is subject to review under Fed. R. Civ. P. 23.  The Parties now request preliminary approval of the proposed class action settlement.

On _____, 2012, pursuant to 28 U.S.C. § 1715(c), NAS served notice of the proposed settlement on the Office of the Attorney General of the United States and the Office of the Attorney General of Nevada.

The Court has read and considered the Agreement, along with the accompanying exhibits. All capitalized terms used herein have the meanings defined in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Fed. R. Civ. P. 23, the lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following:

> All natural persons who (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to NAS for collection; and (iii) who received an initial collection notice from NAS between June 13, 2010 and November 1, 2011.

There are approximately 9,300 Class Members.

2. Plaintiff is certified as the Class Representative, and Jamie S. Cogburn, Esq. and Larson A. Welsh, Esq., both of Cogburn Law Offices, are appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

3. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily finds:

    A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    The claims of the Plaintiff are typical of the claims of the Class Members;

    D.    The Plaintiff and Class Counsel have fairly and adequately represented and

protected the interests of all of the Class Members; and

E.  A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

4. The Court preliminarily finds the proposed settlement to be fundamentally fair, reasonable, and adequate.  The benefits provided to the Class Members are reasonable, considering that the claims are disputed factually and legally, that the outcome of the Lawsuit remains uncertain, and that, through the proposed settlement, the Parties can avoid the risk and expense attendant to further litigation.

5. The Court approves the form and substance of the notice of class action settlement to the Class Members, as set forth in the Agreement and attached to the Agreement as Exhibit C.  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise Class Members of their rights and to protect the rights of absent class members.

6. First Class, Inc. is appointed as the claims administrator.  The claims administrator shall send the notice of class action settlement by first class mail to the members of the class not later than 20 days after entry of this order.

7. Any Class Member who desires to be excluded from the class must mail a written request for exclusion to the claims administrator with a postmark within 50 days from the

Court's entry of this order.

8. To be effective, the written request for exclusion must be signed by the Class Member and must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.

9. Any Class Member who files a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

10. Any Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, NV 89101, no later than 14 days before the final fairness hearing.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel: Jamie S. Cogburn, Esq. and Larson A. Welsh, Esq., Cogburn Law Offices, 2879 St. Rose Parkway, Suite 200, Henderson, NV 89052 and counsel for NAS:  Allison Cannizaro, Esq., Sessions, Fishman, Nathan & Israel, L.L.C., Lakeway Two, Suite 200, 3850 N. Causeway Blvd., Metairie, LA 70002-7227.

11. To be considered, the written objection must be signed by the Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

12. The Court also approves the form and substance of the Claim Form, as set forth in the Agreement and attached to the Agreement as Exhibit D, and the proposed process for settlement payments. Any Class Member who desires to claim-in for a settlement check must mail a completed Claim Form to the claims administrator with a postmark within 50 days from the Court's entry of this order.

13. The Court will conduct a Fairness Hearing on January 31, 2013, at United States District Court, District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, NV 89101, commencing at 11:00 A.M., Courtroom 3C, to review the following issues:

   A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

   C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

   D. To discuss and review other issues as the Court deems appropriate.

14. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness

Hearing.

15. Within 30 days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues.

16. The Agreement and this order shall be null and void if any of the following occur:

A. The Agreement is terminated properly by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties (except for the proposed award of attorneys' fees, litigation expenses, and plaintiff enhancement, which the Court shall consider separately from the merits of the Agreement); or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

17. If the Agreement and this order are voided per ¶ 16 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as of October 30, 2012, as if the Agreement had never been executed and this order never entered.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

## ORDER

IT IS SO ORDERED.

DATED: January 22, 2013

_____
THE HONORABLE NANCY J. KOPPE
MAGISTRATE JUDGE

January 22, 2013