# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BENITA JONES EBEL, an individual, on behalf of itself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation,<br><br>Defendant. | Case No. : 2:11-cv-00963-NJK<br><br>**FINAL ORDER AND JUDGMENT** |

On June 13, 2011, Plaintiff, Benita Ebel Jones filed a class action complaint (hereinafter referred to as the "Lawsuit") against Nevada Association Services, Inc. (NAS), asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"). According to Plaintiff, NAS violated the FDCPA by overshadowing her FDCPA validation rights in its initial collection notice.

In an attempt to settle the Lawsuit, mediation was held on October 30, 2012, before the Hon. Robert Johnston. As a result of the mediation, a settlement in principle was reached, with the settlement terms confirmed and accepted on October 30, 2012. The parties subsequently entered into a Class Action Settlement Agreement ("Agreement") and, on November 20, 2012, filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement. The Agreement is subject to review under Fed. R. Civ. P. 23.

On January 22, 2013, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) the class; (ii) appointed Plaintiff as

the Class Representative; and, (iii) appointed Jamie S. Cogburn, Esq. and Larson Welsh, Esq., as Class Counsel.

On July 8, 2013, after the required class action notices were mailed, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the settling class members and should be approved by the Court. The Parties now request final approval of the Agreement and proposed class settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto, including all Class Members.

2. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following:

> All natural persons who: (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to NAS for collection; and (iii) who received an initial collection notice from NAS between June 13, 2010 and November 1, 2011.

There are 9,757 Class Members.

3. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff as the Class Representative and Jamie S. Cogburn, Esq. and Larson A. Welsh, Esq. as Class Counsel.

4. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

> A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
>
> B. There are questions of law and fact common to the Class Members;

which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

6. The notification provided for and given to the Class Members was in compliance with the Preliminary Approval Order and the Court's April 30, 2013 Order, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice clearly advised the class members of their rights and protected the rights of absent class members.

7. The Agreement, which shall be deemed incorporated herein, and the proposed settlement is approved and shall be consummated in accordance with the terms and provisions thereof.

8. Any funds remaining in the Settlement Fund after paying timely claims, administration fees and costs, and Class Counsel's attorney's fees, costs, and expenses, and any funds relating to returned or un-cashed settlement checks, shall be paid pro rata

to the following *cy pres* recipients: __Jewish Federation of Las Vegas and Generation Vegas__. The *cy pres* checks shall be mailed no later than 150 days after Final Judgment Day.

9. The Court hereby awards Class Counsel $__24,000__ in attorneys' fees and costs. The Court finds that these amounts were reasonably incurred by Class Counsel in prosecuting this case.

10. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment. The release is contingent upon NAS's performance of its obligations as set forth in the Agreement.

11. The Class Members were given an opportunity to object to the settlement or request exclusion from the settlement. One Class Member objected to the settlement. That objection was withdrawn. 19 Class Members timely requested exclusion from the settlement. Their names are listed on **Exhibit A** attached hereto.

12. Except for those individuals listed on **Exhibit A**, this Final Order and Judgment is binding on all Class Members.

13. The Lawsuit is hereby dismissed with prejudice in all respects.

14. This Final Order and Judgment is not, and shall not be construed as, an admission by NAS of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby restrains and enjoins all persons who have appeared in these proceedings and any other person from taking any actions interfering or inconsistent with this Final Order and Judgment and the Agreement that the Court hereby approves.

16. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, Agreement, class membership, and Final Order and Judgment.

ORDER

IT IS SO ORDERED.

DATED: 7/8/2013

THE HONORABLE NANCY J. KOPPE
MAGISTRATE JUDGE

# EXHIBIT A

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BENITA JONES EBEL, an individual, on behalf of itself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation,<br><br>Defendant. | Case No.: 2:11-cv-00963-NJK |

## AFFIDAVIT OF SUSAN TSAI

STATE OF ILLINOIS, COUNTY OF COOK

I, Susan Tsai, under penalty of perjury affirm that the following statements are true:

1. I am a Case Manager for First Class, Inc. and have personal knowledge of this matter.

2. First Class, Inc., a Class Action Administration Service, was retained to send the notices to the class members for this case.

3. The class list was received from Allison L. Cannizaro of Sessions, Fishman, Nathan & Israel, L.L.C., and contained 18,413 records.

4. Per the request of Allison L. Cannizaro, First Class, Inc. removed 148 records that were missing addresses.

5. Per the request of Allison L. Cannizaro, First Class, Inc. removed 7,097 records that did not include individual claimants.

6. Per the request of Allison L. Cannizaro, First Class, Inc. removed 9 Canadian records.

7. Prior to mailing the notice to the individuals on the class mailing list, First Class, Inc. followed its standard practice of processing the list through the Coding Accuracy Support System (CASS) and the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows First Class, Inc. to verify the address is correctly formatted for

delivery and it also corrects zip codes. NCOA Move Update provides current address information, if available, and information regarding deliverability.

8. Prior to mailing the notice to individuals on the class mailing list, First Class, Inc. followed its standard practice of checking for, and removing exact duplicate records within the class list, and in this case, 1,402 exact duplicates were found.

9. The notices were mailed on February 11, 2013 to 9,757 class members.

10. The notices were mailed via First Class mail, postage prepaid, with Electronic Service Requested.

11. On May 23, 2013, First Class, Inc. created the website www.nasettlement.com that provided copies of the class notice, claim form, and supplemental postcard notice.

12. On May 24, 2013, a supplemental postcard notice was sent to 9,757 class members.

13. The supplemental notice was mailed via First Class mail, postage prepaid, with Electronic Service Requested.

14. As of June 27, 2013, a total of 2,259 notices were returned as undeliverable with no forwarding address or further information provided by the US Postal Service.

15. As of June 27, 2013, a total of 273 notices were returned by the US Postal Service with a new address and remailed.

16. As of June 27, 2013 no objections have been received by First Class, Inc.

17. As of June 27, 2013, 19 requests for exclusion has been received by First Class, Inc from the following class members:

   1. Lester Roudabush of Henderson, Nevada
   2. Dona M Roudabush of Henderson, Nevada
   3. Stormy Brinson of Las Vegas, Nevada
   4. Maritza Brinson of Las Vegas, Nevada
   5. Donald Noble of Midlothian, Virginia
   6. Alan Dan Danyesn of Las Vegas, Nevada
   7. Virginia R Vidaurri of Las Vegas, Nevada
   8. Kevin Brando of Las Vegas, Nevada
   9. Patricia Brando of Las Vegas, Nevada

10. Gary M Olsen of Boise, Idaho

11. Gustavo Saldana of Sylmar, California

12. Olga Saldana of Sylmar, California

13. Brian Feeney of Las Vegas, Nevada

14. Karen Lewis of Henderson, Nevada

15. David Baldwin of Las Vegas, Nevada

16. Morris Rollie R Jr & Gaylorn of Fort Smith, Arizona

17. Lewis Shahan of Las Vegas, NV

18. Helen Shahan of Las Vegas, NV

19. Scott Rye and Kimberly Rye of Las Vegas, NV

18. As of June 27, 2013, 651 timely claims have been received by First Class, Inc.

FURTHER AFFIANT SAYETH NOT.

_____
AFFIANT

_____
NOTARY PUBLIC

Official Seal
Bailey K Hughes
Notary Public State of Illinois
My Commission Expires 04/11/2016

SWORN TO AND SUBSCRIBED before me this

___1st___ day of ___July___, 2013 by Susan Tsai of First Class, Inc.